**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                                |   |                               |
|--------------------------------|---|-------------------------------|
| PAULA GREEN,                   | : |                               |
|                                | : | CIVIL ACTION NO. 10-244 (MLC) |
|     Plaintiff,                 | : |                               |
|                                | : | **MEMORANDUM OPINION**        |
|     v.                         | : |                               |
|                                | : |                               |
| EQUIFAX INFORMATION, LLC,      | : |                               |
|                                | : |                               |
|     Defendant.                 | : |                               |

**COOPER, District Judge**

The plaintiff, Paula Green, brought this action against the defendant, Equifax Information, LLC ("Equifax"), asserting claims for (1) denial of benefits under a severance plan established under the Employee Retirement Income Security Act of 1974 ("ERISA"), (2) breach of fiduciary duty, and (3) breach of contract. (Dkt. entry no. 1, Compl.) The defendant now moves to transfer venue to the United States District Court for the Northern District of Georgia, on the basis that transfer is required by a forum selection clause. (Dkt. entry no. 9, Mot. to Transfer Venue.) The plaintiff opposes the motion. (Dkt. entry no. 11, Pl. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will deny the motion to transfer venue.

**BACKGROUND**

The plaintiff is a New Jersey citizen who was employed by the defendant from approximately 1989 until her termination on January 21, 2008.  (Compl. at ¶¶ 6, 9.)  The defendant is a limited liability company with its headquarters located in Georgia.  (Id. at ¶ 2.)  The defendant contends that it was improperly identified in the caption of the Complaint as "Equifax Information, LLC," and the real defendant in interest is Equifax Inc., the Plan Sponsor and Claims Administrator of the plan at issue here.  (Dkt. entry no. 9, Notice of Mot. at 2 n.1 & Def. Br. at 2.)

The plaintiff contends that she was entitled upon her termination to a severance of 125% of her base salary for a period of 42 weeks under the terms of the Severance Plan in effect during her employment.  (Id. at ¶ 10.)  The defendant offered the plaintiff a general release in exchange for 12 weeks of severance pay, also pursuant to the Severance Plan, but the plaintiff rejected this offer.  (Id. at ¶ 11; dkt. entry no. 9, Myers Aff. at ¶ 5.)

The plaintiff filed a claim on August 25, 2009, seeking 42 weeks of severance pay.  (Myers Aff. at ¶ 6 & Ex. 5.)  The defendant notified the plaintiff on October 13, 2009, that her claim had been denied by the Plan Administrator.  (Myers Aff. at ¶ 6 & Ex. 6.)  The plaintiff administratively appealed this

decision on October 26, 2009, which the appeals committee denied, upholding the original denial.  (Myers Aff. at ¶ 7 & Exs. 7-8.)  The plaintiff brought the instant action on January 14, 2010.  (Compl.)

The defendant now moves to transfer venue pursuant to 28 U.S.C. § ("Section") 1404 to the United States District Court for the Northern District of Georgia.  (Mot. to Transfer Venue.)  The plaintiff opposes the motion.  (Pl. Br. at 1-3.)

## DISCUSSION

**I.  Motion to Transfer Legal Standard**

Section 1404 provides for the transfer of an action to a more convenient forum.  28 U.S.C. § 1404(a).  Pursuant to Section 1404, "a district court may transfer any civil action to any other district or division where it might have been brought."  Id.  A court may do so only if the transfer is "in the interest of justice" and "[f]or the convenience of parties."  Id.  Transfer is only appropriate when the proposed venue is one in which the action might have originally been brought.  Id.  Thus, the Court must make an initial determination that venue would lie in the proposed forum.  Zapf v. Bamber, No. 04-3823, 2005 U.S. Dist. LEXIS 36379, at *3 (D.N.J. Aug. 26, 2005).

Jurisdiction in this case is predicated on the plaintiff's cause of action arising under ERISA, 29 U.S.C. § 1001 et seq.  Thus, the Court exercises jurisdiction pursuant to 28 U.S.C. §

1331.  Section 1391 provides the guidelines for determining where venue is appropriate.  See 28 U.S.C. § 1391(b).  Under Section 1391, venue is proper "in a judicial district where any defendant resides if all defendants reside in the same State [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  Id.

If the proposed alternative forum is appropriate, it is then within the Court's discretion to transfer the action.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995).  The party seeking to transfer venue bears the burden of demonstrating that transfer is appropriate.  Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).  While the decision remains in the Court's discretion, it "is not to be liberally granted."  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted).

Courts balance private and public interests when deciding whether to transfer venue under Section 1404(a).  Jumara, 55 F.3d at 879.  Private interests include a plaintiff's choice of forum, a defendant's preference, whether the claim arose elsewhere, convenience of the parties as indicated by their physical and financial condition, convenience of the witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent they could not be produced in alternative fora.  Id.; Yocham, 565 F.Supp.2d at 557.

4

Courts also consider public interests in the Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law. Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

When determining whether to transfer pursuant to Section 1404, a forum selection clause is generally entitled to "substantial consideration." Jumara, 55 F.3d at 880. The presence of a forum selection clause "is a significant factor that figures centrally into the district court's calculus." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Deference to a plaintiff's choice of forum is inappropriate where the plaintiff has already freely agreed to an appropriate venue. Jumara, 55 F.3d at 880. Where there is a valid forum selection clause, the plaintiff must show why the contractual choice of forum is not binding. Id. The forum selection clause shifts the burden on a motion to transfer to the plaintiff. Lester v. Gene Express, Inc., No. 09-403, 2009 WL 3757155, at *5 (D.N.J. Nov. 10, 2009).

**II.  Application of the Legal Standard**

The Court must first determine whether the proposed venue is an appropriate forum for the action, determining whether a "substantial part of the events . . . giving rise to the claim occurred" in the Northern District of Georgia or whether the defendant resides in that district.  28 U.S.C. § 1391; <u>Shutte</u>, 431 F.2d at 24.  Equifax Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia, which is within the Northern District of Georgia.  (Def. Br. at 6; Myers Aff. at ¶ 9.)  Thus, venue would be appropriate in the Northern District of Georgia.  <u>See</u> 28 U.S.C. § 1391(b).

The defendant still must demonstrate that the Northern District of Georgia is the more convenient forum.  <u>See</u> <u>Yocham</u>, 565 F.Supp.2d at 557.  The defendant first argues that the Severance Plan at issue "contains a valid and enforceable choice of forum clause requiring that Plaintiff assert her ERISA claims only in the Federal District Court for the Northern District of Georgia."  (Def. Br. at 2.)  However, the Administrative Information Summary Plan Description proffered by the defendant is dated June 2009.  (Def. Br. Ex. 11.)  This document post-dates the plaintiff's separation date of January 21, 2008, and the Court declines to impose on the plaintiff the forum selection clause contained therein.  Because the record does not indicate that the plaintiff was bound by a mandatory forum selection

6

clause during her employment, the proffered forum selection clause does not constitute a basis for transfer in this instance.

The defendant asserts that, regardless of the forum selection clause, transfer is appropriate based on the evaluation of the Jumara factors. (Def. Br. at 11.) The defendant contends that transfer is proper because the plan sponsor and plan administrator are located in Atlanta, Georgia, and "[v]irtually every relevant fact, document, and potential witness is located in Atlanta, Georgia, except for Plaintiff." (Id.) The plaintiff argues that the Court should deny the motion to transfer based on the plaintiff's preference to adjudicate her claims in New Jersey. (Pl. Br. at 2.) She also contends that the convenience of the parties and witnesses does not weigh in favor of transfer because the case will likely be decided on the administrative record, implicitly suggesting that the location of documents and witnesses is irrelevant. (Id.)

The Court, in its broad discretion under Section 1404, finds that transfer is not appropriate in this case. The defendant has failed to show that the public and private factors favor transfer to the Northern District of Georgia. The defendant must demonstrate that the "interests weigh in favor of the transfer," and the defendant has failed to do so. Shutte, 431 F.2d at 25.

### A. Private Factors

#### 1. Plaintiff's Choice of Venue

The defendant indicates that its preference is having the case transferred to the Northern District of Georgia. (Def. Br. at 11.) However, when determining whether transfer is appropriate, the Court should afford heavy weight to the plaintiff's choice of venue when the choice is plaintiff's home forum. Prudential Ins. Co. v. Robinson-Downs, No. 07-1917, 2008 U.S. Dist. LEXIS 63306, at *11 (D.N.J. Aug. 18, 2008).

The plaintiff is a citizen of New Jersey. (Compl. at ¶ 1.) Her choice of forum should be given deference and special weight because she has selected her home forum. See Prudential, 2008 U.S. Dist. LEXIS 63306, at *11. The defendant seeks to transfer the case, but the defendant's preference is given less weight. Shutte, 431 F.2d at 25.

#### 2. Convenience of Parties and Witnesses

The defendant further alleges that venue in the Northern District of Georgia is more convenient because relevant documents and potential witnesses are located in Atlanta, Georgia. (Def. Br. at 11.) The movant must demonstrate that the inconvenience to the witnesses favors transfer. The movant should attach "affidavits showing the materiality of the matter to which these witnesses will testify." Sadler v. Hallsmith Sysco Food Servs., No. 08-4423, 2009 U.S. Dist. LEXIS 33682, at *10 (D.N.J. Apr. 21,

2009) (citation omitted).  In Sadler, the court noted that the defendants failed to provide descriptions of the witnesses' testimony, thus not demonstrating their importance and the need for transfer.  Id. at *9-*10.  Even if a defendant does attach such an affidavit, the defendant must still demonstrate that the witnesses would "actually be unavailable for trial."  Jumara, 55 F.3d at 879 (emphasis added).

   The defendant has not provided any such affidavit or otherwise shown that convenience of the parties favors transfer. The defendant refers only generally to "potential" witnesses putatively located in Atlanta, Georgia.  (Def. Br. at 11.) Having failed to identify potential witnesses, the defendant further has not demonstrated that any potential witnesses will actually be unavailable to appear in New Jersey.  Thus, the defendant failed to show any true inconvenience to putative witnesses.  (Id.)  Similarly, the defendant contends that relevant documents are located in Atlanta, but does not suggest that those documents cannot be produced in New Jersey.  (Id.)

   It is further noted that the District of New Jersey is a more convenient forum for the plaintiff.  Plaintiff is a resident and citizen of New Jersey, and apparently suffered the adverse benefit decision in New Jersey.  While the defendant is a citizen of the Northern District of Georgia, transfer is not warranted when it "would merely switch the inconvenience from the defendant

9

to the plaintiff." Market Transition Facility v. Twena, 941 F.Supp. 462, 467 (D.N.J. 1996).

The defendant's argument that "it will not inconvenience Plaintiff to have the case transferred . . . because ERISA benefit denial claims are typically based on the administrative record and she will not be required to personally appear in Atlanta" rings hollow. (Def. Br. at 11.) The fact that the issues in this case may be resolved on an administrative record, without requiring the appearance of the parties, simply does not weigh in favor of transfer. As the plaintiff points out, if the case will be decided on the administrative record, there seems to be little justification for the transfer. (Pl. Br. at 2.) The defendant's contention that there "is simply no reason for the Court to refuse to transfer venue" fails to acknowledge its burden as the moving party to demonstrate the propriety of transfer. (Id. at 12.) Jumara, 55 F.3d at 879; Yocham, 565 F.Supp.2d at 557.

### B. Public Factors

Neither party addressed the public Jumara factors. Because the plaintiff's cause of action arises under ERISA, a federal statute, "familiarity of the trial judge with the applicable state law" does not weigh in favor of transfer. Jumara, 55 F.3d

10

at 879-80.[1]  We see no indication that a judgment rendered in this Court would be unenforceable elsewhere.  Nor do we find any basis to transfer based on "court congestion" either in this District or in the Northern District of Georgia.  Id. at 879.  As for "the local interest in deciding local controversies at home," the parties have not indicated where the plaintiff's cause of action accrued or where she was physically working at the time of her termination.  While it appears that the plaintiff may have experienced the adverse effects of the defendant's denial of benefits while resident in New Jersey, we also note that the defendant has unequivocally stated that the "decisions to deny Plaintiff's benefit claim and her administrative appeal were made in Atlanta, Georgia."  (Def. Br. at 11.)  Jumara, 55 F.3d at 879.  We conclude that the public factors, not addressed by the parties, do not weigh in favor of transfer.

---

[1] The parties have not addressed the applicable state law governing plaintiff's breach of fiduciary duty and breach of contract claim.  However, we note that when the area of law is not complex, the applicable state law is not given much weight in the transfer analysis.  Sadler, 2009 U.S. Dist. LEXIS 33682, at *11.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will deny the motion. The Court will issue an appropriate order.

                                                                        s/Mary L. Cooper                    
                                                                       **MARY L. COOPER**
                                                                       United States District Judge

Dated:    April 27, 2010